

**United States Department of Justice**

***William J. Powell***
***United States Attorney***
United States Attorney's Office
Northern District of West Virginia

February 17, 2021

FILED

MAR 1 5 2021

U.S. DISTRICT C...
MARTINSBURG ...

Stephen R. Tully, Esq.
305 Allegheny Avenue
Towson, MD 21204

  In re:  United States v. David Jonathan Weston

Dear Mr. Tully:

  This will confirm conversations with you concerning your client, David Jonathan Weston, (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

  It is agreed between the United States and your client as follows:

  1. Defendant will plead guilty by Information to Attempted Solicitation in violation of Title 18, United States Code, Section 2252A(a)(3)(B)(ii).

  2. The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is: imprisonment for a period of not less than five years and not more than twenty years, a fine of $250,000.00, and a term of at least 5 years and up to a lifetime of supervised release.

  It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

| | |
|---|---|
| _____ | _2-26-21_____ |
| David Jonathan Weston | Date |
| Defendant | |
| _____ | _2-26-21_____ |
| Stephen Tully, Esq. | Date |
| Counsel for Defendant | |

- 1 -

Finally, Defendant is aware that, unless he is determined to be indigent, he will be required to pay an additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, Title 18, United States Code, Section 3014(a)(3).

3. Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

_____
David Jonathan Weston
Defendant

2-26-21
Date

_____
Stephen Tully, Esq.
Counsel for Defendant

2-26-21
Date

- 2 -

7. The United States will make the following **nonbinding** recommendations:

   A. If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B. Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and if he complies with all the requirements of this agreement, and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before **Tuesday, March 2, 2021,** and returns an executed copy to the United States by that day;

   C. The United States will recommend that any sentence of incarceration imposed should be at the low-end of the applicable guideline range.

8. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree as follows:

On or between July 2020 and September 25, 2020, David Jonathan Weston, who is 41 years of age, knowingly attempted to solicit, using his cellphone, material containing a visual depiction of an actual minor, A.A. with a DOB of June 10, 2005, to engage in sexually explicit conduct. Specifically, Mr. Weston met minor AA while serving as a camp counselor at Camp Tohiglo, wherein A.A. was enrolled as a participant. Weston began communicating with A.A. via Snapchat, Facebook Messenger, and Instagram, exchanging nearly a thousand chat communications, including videos. Weston established an on-line relationship with A.A., professing his love to A.A. and wanting her to maintain its secrecy.

On September 8, 2020, the parents of victim A.A., discovered messages from Weston to A.A. dated September 7-8, 2020. The messages are preserved and Weston states to A.A. over Facebook Messenger, **"I stared at that nude video you sent. I didn't want to close it. I really really really love seeing you naked you have no idea."** A few minutes later Weston continues, **"I really miss seeing you. i get**

| _____ | 2-26-21 |
| David Jonathan Weston<br>Defendant | Date |
| _____ | 3-26-21 |
| Stephen Tully, Esq.<br>Counsel for Defendant | Date |

- 3 -

flusterred when you hide, but i would rather that then to not call at all. baby, when i call next, promise to let me see you. dont hide. at least not this time."

A.A. preserved on her cellular phone screenshots of chat communication between she and Weston wherein he states, "OMG I wish I could see yoy like that every day. I wish you were here with me. The things I want to do to/with you ... And I don't mean just sex. I want to be close. I want to kiss...everywhere. I want to feel you touch me. I want to feel your soft body. Inside and out.... I want to make love to you. I want to ravage you. Omg im so horny rn ... Your day might suck rn but mine just got AMAZING. Too bad it disappears. I would look back at that later...Anyway, i love you. You betyer know that by now." In another chat Weston writes, "Would you get me in trouble? If you said you wanted sex and then changed your mond afterward, would I need to worry? Am I wrong to trust you?

As a result of the content recovered from A.A.'s cellular device and social media, a search warrant was executed on the residence and devices of David Weston.

Three videos of A.A. were recovered from Weston's LG Cellular telephone S/N 904KPVH0075455. The videos were recorded by Weston as they played from another cellular telephone. In the first video, A.A. is wearing a bikini and turns around in front her bedroom mirror; it was created on August 14, 2020. In the second video, A.A. is wearing only a tee-shirt; her buttocks and pubic area are uncovered. Again, A.A. turns in front of her bedroom mirror; it is created on September 20, 2020. At the beginning of the third video, also created on September 20th, a Snapchat window opens revealing the following:

| | |
|---|---|
| A.A.: | [The video sent by A.A. wearing only a tee-shirt begins.] |
| WESTON: | **Show me more? Strip naked baby. I want to see your whole body.** |
| A.A.: | Baby |
| A.A.: | Why |
| WESTON: | **Do for me? And only me?** |
| A.A.: | Is that enough? |
| A.A.: | Isn't that enough |
| WESTON: | **Honey I was just asking because I think you have a beautiful body. It's ok if you don't want to show me more. I won't ask again. I'm sorry.** |
| WESTON: | **Yes, that is enough.** |

As a result of his request for A.A. to strip naked and show Weston more, she sends another video. Weston's thumb is seen opening the next item in the conversation, which reveals A.A. completely nude, turning in front of a bathroom mirror. A.A. turns from facing the mirror to facing away. The clip, which

_____          2-26-21
David Jonathan Weston                Date
Defendant

_____          3-26-21
Stephen Tully, Esq.                  Date
Counsel for Defendant

is approximately 2 seconds in duration, repeats four times. The entire duration of the video (including the Snapchat conversation portion) lasts 14 seconds.

Also recovered from Weston's phone are four photographs of A.A. standing in front of her bedroom mirror in her underwear with her breasts exposed, and several images of A.A. standing in front of her mirror wearing a sports bra and underwear. Weston also had possession of a photograph of A.A.'s driver's license revealing her date of birth. Weston also had a folder on his Dell Optiplex desktop computer that contained copies of the nude and partially nude photographs and videos of A.A. present on his cellular phone.

A.A. is a resident of Martinsburg, West Virginia and each nude video she sent to Weston was made as a result of his solicitation of the images. She recorded the images in Berkeley County, West Virginia and sent them to David Weston using social media platform Snapchat. The offenses occurred within the Northern District of West Virginia, and elsewhere.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

10. Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

A. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B. The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

_____
David Jonathan Weston
Defendant

2-26-21
Date

_____
Stephen Tully, Esq.
Counsel for Defendant

2-26-21
Date

C. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

11.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

12.     The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration,

_____
David Jonathan Weston
Defendant

2-26-21
Date

_____
Stephen Tully, Esq.
Counsel for Defendant

2-26-21
Date

- 6 -

the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

13. Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

14. If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

15. Defendant understands that the forfeiture of property, **LG Cellular telephone S/N 904KPVH0075455 and the Dell Optiplex desktop computer**, will be part of the sentence imposed in this case and agrees to their forfeiture. Defendant stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this agreement and the foregoing specified property, which is property used or intended to be used to commit or to promote the commission of such offense, or is a visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or is any book, magazine, periodical, film, videotape, or cellular phone or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18: images, DVDs, and electronic devices seized from the defendant.

Defendant warrants that he is the owner of the property listed above and understands that the property will be forfeited and destroyed. Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the

| | |
|---|---|
| _/s/_ | 2-26-21 |
| David Jonathan Weston<br>Defendant | Date |
| _/s/_ | 2-26-21 |
| Stephen Tully, Esq.<br>Counsel for Defendant | Date |

United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

16. Defendant has been advised and understands that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of the defendant's residence; the location of Defendant's employment; and, if the defendant is a student, the location of Defendant's school. Registration will require that the defendant provide information that includes name, address of residence, and the names and addresses of any places where the defendant will be employed or a student. The defendant further understands that he must update his registrations within three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.

17. The above 16 paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. POWELL
United States Attorney

By: *[signature]*
Kimberley D. Crockett
Assistant United States Attorney

As evidenced by my signature at the bottom of the 8 pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

*[signature]*      2-26-21
David Jonathan Weston      Date
Defendant

*[signature]*      2-26-21
Stephen Tully, Esq.      Date
Counsel for Defendant

- 8 -